## KLEIN v. LONG.

(Supreme Court, Appellate Division, First Department. April 9, 1897.)

PLEADING—COMPLAINT—AVERMENT OF CONSIDERATION.

A consideration for defendant's promise to pay for goods sold by plaintiff to a third person is sufficiently stated by a complaint which alleges that "in consideration that the plaintiff, at the request of defendant," would sell goods to the third person on credit, defendant promised in writing to be answerable to plaintiff for the payment of the price, and that plaintiff afterwards, on the faith of such guaranty, sold and delivered goods to the third person.

The complaint is as follows:

The plaintiff, complaining of the defendant, alleges: (1) That on or about the 15th day of November, 1895, in consideration that the plaintiff, at the request of the defendant, would sell to one John T. White, on credit, such goods as said John T. White should desire to buy of this plaintiff, the defendant promised, in writing, to be answerable to the plaintiff for the payment by said John T. White of the price of goods sold and delivered to said John T. White within six months of said day, on credit, to an amount not exceeding a total credit of five hundred (500) dollars. (2) That this plaintiff afterwards, and on or about and between the 15th day of November, 1895, and the 16th day of April, 1896, on the faith of said guaranty, sold and delivered to said John T. White goods, wares, and merchandise, consisting of cigars, for the sum of five hundred (500) dollars, on credit, which has expired, which sum is now due therefor from said John T. White to the plaintiff. (3) That the plaintiff has duly performed all conditions of said guaranty on his part, but no part of said sum has been paid. Wherefore plaintiff demands judgment against the defendant for the sum of five hundred dollars ($500), together with interest thereon from the 1st day of March, 1896, besides the costs and disbursements of this action.

Appeal from trial term, New York county.

Action by Eugene D. Klein against Mary Long for the price of goods alleged to have been sold to one John T. White. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William Bondy, for appellant.

Francis J. Moissen, for respondent.

INGRAHAM, J. This action came on for trial at a trial term before a jury. The counsel for the defendant, before any evidence

was introduced, moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in that it did not allege a request by the defendant for the sale of the goods. The court held that the promise alleged in the complaint was an original undertaking, not a guaranty; and that, as it was not alleged that the defendant ever requested any sale of the goods to recover the price for which the action is brought, no cause of action was alleged; and the complaint was, therefore, dismissed. If the promise alleged in the complaint upon which the plaintiff's cause of action is based alleges a promise to pay to the plaintiff a sum of money, and the condition upon which that promise became operative as binding upon the defendant is alleged to have been performed by the plaintiff, whereby, under the terms of the promise, an obligation exists in favor of the plaintiff for the receipt by him of a sum of money, a good cause of action is alleged. To sustain this judgment, it must appear that the complaint alleges no cause of action against the defendant. The promise of the defendant upon which the action is based is alleged in the first paragraph of the complaint, and I think the error of the court below arose from the fact that a condition which is alleged as part of the consideration for the promise is imported into and made a part of the promise itself. This paragraph of the complaint contains, first, an allegation of the consideration upon which the defendant's promise was based, and then an allegation of that promise. The complaint alleges that on the 15th of November, 1895, "in consideration" that the plaintiff would do certain things, the defendant promised in writing to be answerable to the plaintiff for the payment by one John T. White for the price of goods sold and delivered to said White within six months of said day, on credit, to an amount not exceeding a total credit of $500. What the consideration for the defendant's promise to the plaintiff was is not material, so long as it is a valid consideration, and sufficient to sustain the defendant's promise. The allegation upon which the liability of the defendant is founded is the promise that is distinctly alleged to be a promise to be answerable to the plaintiff for the payment by White of the price of goods sold and delivered to White within six months from the date of the promise. It is a little difficult to understand just what the pleader meant by the recital of the consideration for this promise. It does not appear that it was necessary to allege in the complaint just what the consideration for the defendant's promise was. An allegation that the consideration for a promise pleaded was a valuable or sufficient consideration would be sufficient upon demurrer. At any rate, this allegation of a consideration is sufficient to sustain a promise based thereon. It is sufficient, upon this appeal, to hold that a valid promise by the defendant to be responsible for the payment of the goods sold and delivered by the plaintiff to the defendant within the period mentioned, in reliance upon which promise the plaintiff did sell and deliver to the defendant certain goods, for which the defendant has failed to pay, constitutes a good cause of action upon demurrer.

We think the complaint was clearly sufficient, and that the judg-

ment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur, except O'BRIEN, J., who concurs in result.